## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Matthew Pearson and Erin Pearson o/b/o minor I.P.,

    Plaintiffs,

vs.

Lund's Motel & Cottages and Ronald Lund,

    Defendants.

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiffs Matthew Pearson and Erin Pearson, for their Complaint against Defendants Lund's Motel & Cottages and Ronald Lund state and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Matthew Pearson and Erin Pearson, and their minor daughter I.P., are citizens of Canada.

2. Defendant Lund's Motel & Cottages is a business registered with the state of Minnesota doing business at 919 West Highway 61, PO Box 126, Grand Marais, Minnesota.

3. Defendant Ronald Lund is a citizen of the state of Minnesota and owner, operator, and employee of Defendant Lund's Motel & Cottages.

4. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332 (a), in that complete diversity of citizenship exists between Plaintiffs and Defendants and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

91107697.1

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) in the United States District Court for the District of Minnesota in that the incident giving rise to the causes of action asserted herein occurred in Cook County, Minnesota, Defendant Lund's Motel & Cottages does business in Cook County, Minnesota and Defendant Ronald Lund resides in Cook County, Minnesota.

## FACTUAL ALLEGATIONS

6. On or around July 20, 2018, Defendant Lund's Motel & Cottages and Defendant Ronald Lund owned and harbored a grey and white, 13-year-old dog named Willie ("subject dog").

7. On or around July 20, 2018, I.P. and her family were guests at Defendant Lund's Motel & Cottages property owned and operated by Defendant Ronald Lund in Cook County, Minnesota when the subject dog attacked and bit I.P. resulting in injuries to I.P. The subject dog was unleashed, unsupervised, uncontrolled and unprovoked at the time of the attack.

## COUNT ONE
**(Defendant Lund's Motel & Cottages and Defendant Ronald Lund's Liability pursuant to Minn. Stat. § 347.22)**

8. Plaintiffs reallege all preceding paragraphs and allegations.

9. Defendant Lund's Motel & Cottages and Defendant Ronald Lund owned and harbored a dog that, without provocation, injured I.P. while she was acting peaceably in a place where she was lawfully entitled to be.

91107697.1

10.  Pursuant to Minn. Stat. § 347.22 Defendant Lund's Motel & Cottages and Defendant Ronald Lund are liable to Plaintiffs for the losses, harms, and damages alleged herein.

## COUNT TWO
### (Defendant Lund's Motel & Cottages and Defendant Ronald Lund's General Negligence)

11.  Plaintiffs reallege all preceding paragraphs and allegations.

12.  The incident described herein and resulting losses, harms, and damages were directly and proximately caused by Defendant Lund's Motel & Cottages and Defendant Ronald Lund's negligence, including the following acts of negligence cited by way of example, but not limitation:

   (a)  Failure to ensure Lund's Motel & Cottages is a safe place for guests;

   (b)  Failure to properly monitor the subject dog;

   (c)  Failure to utilize proper and necessary precautions with respect to the restraint and control of the subject dog;

   (d)  Allowing the subject dog to roam uncontrolled, unleashed and unsupervised at Lund's Motel & Cottages;

   (e)  Failing to exercise reasonable care to control and supervise the subject dog under the circumstances existing at the time of the attack; and

Defendant Lund's Motel & Cottages and Defendant Ronald Lund were negligent in other ways too numerous to mention herein.

## COUNT THREE
### (Defendant Lund's Motel & Cottages and Defendant Ronald Lund's Negligence *per se* for Statutory Violations)

13. Plaintiffs reallege all preceding paragraphs and allegations.

14. Minn. Stat. § 609.226 states in pertinent part: "A person who causes great or substantial bodily harm to another by negligently or intentionally permitting any dog to run uncontrolled off the owner's premises, or negligently failing to keep it properly confined is guilty of a misdemeanor." Defendant Lund's Motel & Cottages and Defendant Ronald Lund violated Minn. Stat. § 609.226 by failing to keep the subject dog properly confined. As a direct and proximate result of Defendant Lund's Motel & Cottages and Defendant Ronald Lund's statutory violation, Plaintiffs and I.P. sustained the losses, harms, and damages alleged herein. Due to Defendant Lund's Motel & Cottages and Defendant Ronald Lund's statutory violation, they are negligent *per se* and liable for the losses, harms, and damages alleged herein.

## COUNT FOUR
### (Defendant Lund's Motel & Cottages Vicarious Liability)

15. Plaintiffs reallege all preceding paragraphs and allegations.

16. Defendant Lund's Motel & Cottages is vicariously liable for the actions and inactions of its owner and employee, Defendant Ronald Lund.

## DAMAGES

17. As a direct and proximate result of the subject incident, I.P. sustained serious and permanent injuries to her mind and body including permanent scarring to her face. The injuries sustained by I.P. have resulted in, and will continue to result in, a

substantial reduction in I.P.'s capacity to enjoy life and to participate in her usual and customary activities, all to her damage in an amount estimated to reasonably exceed Fifty Thousand Dollars ($50,000).

18.     As a direct and proximate result of the subject incident, Plaintiffs have been required to expend substantial sums of money for I.P.'s medical care and will be required to do so in the future, all to their damage in an amount estimated to reasonably exceed Fifty Thousand Dollars ($50,000).

19.     As a direct and proximate result of the subject incident, I.P. sustained a loss of future earning capacity, all to her damage in an amount estimated to reasonably exceed Fifty Thousand Dollars ($50,000).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following judgment against Defendants:

a.      Awarding Plaintiffs damages in an amount reasonably exceeding Seventy-Five Thousand Dollars ($75,000);

b.      Awarding Plaintiffs all applicable pre-judgment and post-judgment interest;

c.      Awarding Plaintiffs all reasonable costs and disbursements incurred in prosecuting this matter; and

d.      Awarding such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

91107697.1

| | |
|---|---|
| DATED:  January 22, 2021 | **ROBINS KAPLAN LLP** |
| | By: /s/ Tony Schrank |
| |     Tony Schrank (#0396290) |
| | 2800 LaSalle Plaza |
| | 800 LaSalle Avenue |
| | Minneapolis, MN  55402-2015 |
| | Telephone: (612) 349-8500 |
| | Facsimile: (612) 339-4181 |
| | ASchrank@RobinsKaplan.com |
| | **ATTORNEY FOR PLAINTIFFS** |